**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **STEPHEN JONES,** *et al.* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Case No.: SAG-25-02445** |
| v. | * | |
| | * | |
| **PERDUE FARMS INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Stephen Jones and Richard Renshaw (collectively, "Plaintiffs") brought this action pursuant to the Resource Conservation and Recovery Act against Defendants Perdue Farms Inc., Perdue Agribusiness LLC, and Perdue Foods LLC (collectively, "Defendants"). ECF 4. This Court previously granted in part and denied in part Defendants' motion to dismiss the claims against them. ECF 34, 35. Plaintiffs have now filed a Motion for Reconsideration of that decision, ECF 38, which Defendants opposed, ECF 41. Plaintiffs then filed a reply. ECF 42. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Motion for Reconsideration will be denied.

## I.    BACKGROUND

Defendant Perdue Agribusiness LLC and Defendant Perdue Foods LLC, which are both subsidiaries of Defendant Perdue Farms Inc., own and operate an agribusiness facility located in Salisbury, Maryland (the "Salisbury Facility"). ECF 4 ¶ 30. Plaintiffs allege that Defendants are disposing of solid waste containing harmful chemicals at the Salisbury Facility and that those chemicals are contaminating the area's groundwater and surface water. *Id.* ¶ 2.

Groundwater flows west from the Salisbury Facility toward Plaintiffs' residences and has contaminated private wells in the area, including Plaintiffs'. *Id.* ¶¶ 55–56. Testing of the drinking well water at Plaintiffs' properties and at other wells in the area has revealed concentrations of the chemicals that exceed safe drinking water levels. *Id.* ¶¶ 22–24, 57. In addition to affecting their drinking well water, Plaintiffs allege that Defendants' conduct harms their "recreational, aesthetic, and/or commercial interests." *Id.* ¶ 8.

Defendants have supplied free bottled water to both Plaintiffs since late 2024. ECF 19-4 ¶¶ 3–5. Defendants have also offered to install point of entry treatment ("POET") systems on private wells in the affected area to treat the well water. ECF 19-2 ¶¶ 3–4.

In deciding Defendants' motion to dismiss, this Court concluded that Plaintiffs had failed to establish environmental standing. ECF 34 at 10. This Court also concluded that Plaintiffs had failed to plead their claim for imminent and substantial endangerment under 42 U.S.C. § 6972(a)(1)(B). *Id.* at 14. In reaching that conclusion, this Court cited cases stating that contamination alone is insufficient to plead an imminent and substantial endangerment claim, and, more specifically, that allegations of contaminated drinking water do not suffice absent allegations that anyone is drinking the water. *Id.* at 13–14. Applying those principles to this case, this Court concluded that Plaintiffs had not alleged that they were drinking the water and could not rely on their allegations of harm to the environment because they had failed to establish standing based on that harm. *Id.* at 14.

## II.   LEGAL STANDARD

Interlocutory orders, or orders that do not involve final judgment as to all parties and all claims in a case, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to revise an

interlocutory order lies within the discretion of the district court. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). This discretion, however, is not "limitless," and the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc. v. Big. S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Accordingly, a district court may revise an interlocutory order under the same circumstances as it may depart from the law of the case: (1) a subsequent proceeding that reveals substantially different evidence, (2) an intervening change in the applicable law, or (3) "clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325).

## III.  DISCUSSION

Plaintiffs challenge this Court's dismissal of their imminent and substantial endangerment claim. That claim requires a plaintiff to show waste practices that "may present an imminent and substantial endangerment to health or the environment." § 6972(a)(1)(B). Plaintiffs do not argue that a subsequent proceeding has revealed substantially different evidence or that there has been an intervening change in the applicable law. This Court will therefore review the challenged decision to determine whether it reflects a "clear error causing manifest injustice."

### A.  Endangerment to the Health of Others or the Environment

Plaintiffs first argue that this Court should reconsider its conclusion that, because Plaintiffs had failed to plead environmental standing, they could not rely on allegations of harm to the environment to support their claim of imminent and substantial endangerment to health or the environment. Plaintiffs do not challenge this Court's conclusion that they failed to plead environmental standing; rather, they challenge only the impact of that conclusion on the merits of the imminent and substantial endangerment claim.

A plaintiff must establish standing for each claim and form of relief sought. *Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, 983 F.3d 671, 683 n.6 (4th Cir. 2020). Because Plaintiffs could not demonstrate standing as to harms to the environment, they cannot seek relief through a substantive claim based on such harms. Plaintiffs cite several cases for the proposition that courts routinely consider risk of harm beyond that allegedly faced by the individual plaintiffs in analyzing § 6972(a)(1)(B) claims. *See* ECF 38 at 2–5. None of these cases, however, is binding on this Court or concerns the interplay between standing and the merits of an imminent and substantial endangerment claim. Thus, Plaintiffs have failed to demonstrate that this Court's decision to not consider risk of harm to the environment given Plaintiffs' failure to plead environmental standing constituted clear error. Moreover, to the extent that Plaintiffs are arguing that they sufficiently pled risk of harm to the health of others, they have not alleged that anyone else is drinking the contaminated water, or using it in any other way, either. Accordingly, this Court will deny the motion for reconsideration on this basis.

**B. Endangerment to the Health of Plaintiffs**

Plaintiffs further argue that they sufficiently pled imminent and substantial endangerment to their own health. Specifically, they contend that this Court erred in concluding that they had failed to plead this claim based on contamination of their drinking water because they had not alleged that they were drinking the water. They primarily rely on the Fourth Circuit's decision in *Trinity American Corp. v. United States Environmental Protection Agency*, 150 F.3d 389 (4th Cir. 1998), which they did not cite in their opposition to the motion to dismiss. That case involved an order issued by the Environmental Protection Agency under the Safe Drinking Water Act. *Id.* at 392. The court's decision turned on its interpretation of a phrase from that statute: "may present an imminent and substantial endangerment." *Id.* at 399 (quoting 42 U.S.C. § 300i(a)). Based on its

4

interpretation of that phrase, the court rejected an argument that the provision of bottled water to the owners of contaminated wells, such that they were not drinking the contaminated water, defeated a showing of imminent and substantial endangerment. *Id.* at 400.

This Court agrees with Plaintiffs that *Trinity American* may have been relevant to this Court's consideration of the claim in this case. Plaintiffs did not raise it in the initial briefing, however, and they have not presented any reason why they could not have done so. Indeed, Defendants' motion relied on the fact that Plaintiffs had not alleged that they were drinking the water, and Plaintiffs' opposition responded to that argument but failed to cite this case. *See Lopez v. United States*, No. PWG-14-2156, 2016 WL 915621, at *2 (D. Md. Mar. 10, 2016) (concluding that failure to present evidence that party had been unable to make legal argument during original briefing on motion to dismiss itself warranted denying motion for reconsideration).

Furthermore, *Trinity American* is ultimately not dispositive of Plaintiffs' claim because it involved a different statute. Thus, in light of both Plaintiffs' failure to cite *Trinity American* in their motion to dismiss briefing and its non-binding effect on the claim at issue here, this Court concludes that Plaintiffs have failed to demonstrate "clear error causing manifest injustice" and will deny the motion for reconsideration on this basis as well.

## IV.  CONCLUSION

For the reasons stated above, the Motion for Reconsideration, ECF 38, will be denied. A separate Order follows.


Dated: March 30, 2026                                                    /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge